FIRST BAPTIST CHURCH IN FRANKLINDALE, APPELLANT, *v.* VIOLETTA PRYOR, RESPONDENT.

*Right of a church to enforce payment of money, collected by an unincorporated association for its benefit.*

APPEAL from a judgment in favor of the defendant, entered upon an order dismissing the complaint, made at Circuit.

The action was brought to recover money alleged to have been collected by the defendant for the benefit of the plaintiff.

Plaintiff is a religious corporation, duly organized, and owning a house of public worship at Wappinger's Falls, Dutchess county. Within said corporation was a voluntary unincorporated association, some of the members of which were, and others of which were not, members of the plaintiff, named "The Baptist Sewing Circle," with articles or by-laws, the first of which was

## "ARTICLE I.

"The society shall be known as the Baptist Sewing Circle, and has for its object the refurnishing of the church." The defendant was elected treasurer, received the moneys collected, and placed the same in the savings bank. The association was organized October 30, 1873, and broke up in 1876. Prior to 1876 the association held fairs, festivals and exhibitions, at which money was charged and taken for admission, and from which the money sought to be recovered was wholly or principally realized.

The court, at General Term, said : "I think this case falls within the principle established by the Court of Appeals in *Rector* v. *Crawford* (43 N. Y. 476). The money was not raised by direct act or authority of the corporation, but the donors supposed they were giving to the church and intended to do so. The object of these donors is plain. Although the association which collected the money was not entirely composed of members of the church and of those who usually worshiped there, it was mainly composed of such persons. The association was known as the Baptist Sewing Circle and 'has for its object the refurnishing the church' as set forth in its by-laws. The church 'could adopt the act of those who raised the fund, and claim the benefit of the donation' as stated by the Court of Appeals. Neither the defendant, who was treasurer, nor the individuals, operating with her, could defeat the gift if claimed by the church. The only difference between the case under consideration and the case in the Court of Appeals, is that in this case the defendant was not the treasurer of the church, as he was in *Rector* v. *Crawford*, and the finance committee of the church have signed no receipts. These variations do not, we think, vary the principle that the money belongs to the church for the purpose

designed by the donors, and that neither the treasurer or the members of the association could divert it from its proper destination."

*Jno. Thompson*, for the appellant.

*Bernard J. Tinney*, for the respondent.

Opinion by BARNARD, P. J.; GILBERT and DYKMAN, JJ., concurred.

Judgment reversed and new trial granted, costs to abide event.